Filed 4/8/14  Crossroads Intercontinental v. Benichou CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CROSSROADS INTERCONTINENTAL, LTD., | B246851 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC414160) |
| v. | |
| RICHARD BENICHOU, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Wilson Alarcon, Judge.  Affirmed.

Richard Benichou, in pro. per., for Defendant and Appellant.

Herzlich & Blum and Allan Herzlich for Plaintiff and Respondent.

_____

Defendant and appellant Richard Benichou, who is in propria persona, appeals from the default judgment entered in favor of plaintiff and respondent Crossroads Intercontinental, Ltd. Apparently, appellant's company and respondent had entered into exclusive agreements for the manufacturing of clothing. After the parties began having disagreements over various issues, they sued each other. A default judgment was entered in favor of respondent. We affirm on the ground that appellant has failed to meet his burden on appeal to affirmatively show trial court error.

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." It is well-established that "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) The 20-page opening brief does not contain a single citation to the record. Because appellant has failed to provide the necessary citations to support his arguments, we deem his arguments to be forfeited and do not address them.

The fact that a party has been representing himself does not exempt him from the mandatory appellate requirements. Litigants appearing in propria persona are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure and are held to the same standards as a litigant represented by counsel. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247.)

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ